UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WILLIAM K.,                                                    20-CV-00490-MJR

                Plaintiff,                                DECISION AND ORDER

    -v-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____

      Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case.  (Dkt. No. 14)

      Plaintiff William K.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying his application for Disability Insurance Benefits ("DIB") pursuant to the Social Security Act (the "Act").  Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  For the following reasons, Plaintiff's motion (Dkt. No. 11) is granted, defendant's motion (Dkt. No. 12) is denied, and the case is remanded solely for the calculation and payment of benefits.

---

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

## BACKGROUND[2]

Plaintiff filed protectively for DIB on September 16, 2013, alleging a disability onset date of December 20, 2012.  (Administrative Transcript ["Tr."] 60).  The application was initially denied on March 25, 2014.  (Tr. 76).  Plaintiff timely filed a request for an administrative hearing.  (Tr. 82).   Prior to the hearing, Plaintiff amended his claim by requesting a closed period of disability, from December 20, 2012, to April 1, 2014.  (Tr. 201-05).  On February 10, 2016, Administrative Law Judge ("ALJ") Robert Wright held a hearing in Albany, New York.  (Tr. 31-59).  Plaintiff appeared with his attorney and testified.  A vocational expert also testified.  ALJ Wright issued an unfavorable decision on March 9, 2016.  (Tr. 11-30). On January 5, 2017, the Appeals Council denied Plaintiff's request for review and Plaintiff timely appealed his claim to this Court.  (Tr. 1-5).  On August 28, 2018, this Court remanded Plaintiff's case for further administrative proceedings.  (Tr. 699-710).

Pursuant to this Court's remand order, on December 31, 2018, the Appeals Council remanded the case to an ALJ for further proceedings.  (Tr. 669-73).   On December 9, 2019, ALJ Stephen Cordovani held a hearing in Buffalo, New York.  (Tr. 619-67).  Plaintiff appeared with his attorney and testified.  A vocational expert also testified.  On December 31, 2019, the ALJ issued an unfavorable decision.  (Tr. 598-618).  This action followed.

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

## DISCUSSION

I.   *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential.  Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).  "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts."  *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014).  "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner."  *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).  Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner."  *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review.  The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant."  *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983).  The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve."  *Veino*, 312 F.3d at 588.  While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct.  The Commissioner's decision is, as

described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.    *Standards for Determining "Disability" Under the Act*

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and

whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b).  If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b).  Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c).  To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c).  As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.* §§404.1520(c), 416.920(c).  Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions:  first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §§404.1520(d), 416.920(d).  If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.* §§404.1520(d), 416.920(d).

  If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five.  Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §§404.1520(e), 416.920(e).  RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §§404.1545(a)(1), 416.945(a)(1).  The Commissioner's assessment

of the claimant's RFC is then applied at steps four and five.   At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §§404.1520(f), 416.920(f).  If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* §§404.1520(f), 416.920(f).  Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §§404.1520(g)(1), 416.920(g)(1).  If the claimant can adjust to other work, he or she is not disabled. *Id.* §§404.1520(g)(1), 416.920(g)(1).  If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

III.   *The ALJ's Decision*

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since November 21, 2015, the alleged onset date, through April 15, 2014, the day he returned to substantial gainful activity.  (Tr. 603).  At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spines; headaches; osteoarthritis of the right shoulder with small labrum tear;

history of right knee injury, status postsurgical repair; and traumatic brain injury. (Tr. 603-04). At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 604). Prior to proceeding to step four, the ALJ determined that Plaintiff retained the following RFC:

> [C]laimant has retained the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) except that: continuous sitting, standing, and walking was limited to only 60 minutes continuously but otherwise each up to six hours total in a work day (E.g. if at work station, he could sit for one hour continuously then he would have to shift to a standing position for some period of time, up to an hour at his discretion, before resuming sitting). He could lift, carry, push, and pull a maximum of 15 pounds. He can occasionally bend, stoop, reach, twist, and crawl. He should not work around hazards such as loud noise, unprotected heights, moving mechanical parts, and no work on ladders, ropes, or scaffolds. Work instruction to be provided orally and/or by demonstration, with no reading required as an essential part of the job. *Id.* There should be no written expression requirements as part of the job in other words, no report preparation or the like. He would be absent from work one day or less per month.

(Tr. 606).

At step four of the sequential evaluation, the ALJ concluded that Plaintiff is unable to perform any past relevant work. (Tr. 611). At step five, the ALJ found Plaintiff capable of performing jobs that exist in significant numbers in the national economy. (Tr. 611-12). Accordingly, the ALJ determined that Plaintiff has not been under a disability from December 20, 2012, through the date of the decision. (Tr. 612).

IV.    *Plaintiff's Challenge*

Plaintiff argues *inter alia* that the ALJ erred by failing to evaluate properly the disability-supporting opinions of his treating orthopedic specialist Dr. Cameron Huckell, M.D., and that the case must therefore be remanded for the calculation and payment of benefits. The Court agrees.

The ALJ gave Dr. Huckell's opinions "little weight." (Tr. 23). If an ALJ decides that the opinion of a treating physician is not entitled to controlling weight, he or she must determine how much weight, if any, to give it. In doing so, the ALJ must "explicitly consider" the following factors (the so-called *Burgess* factors): "(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Estrella v. Berryhill*, 925 F.3d 90, 95-96 (2d Cir. 2019) (*per curiam*) (internal quotations and citations omitted). The ALJ must give "good reasons" for the weight given to the treating physician's opinion. *Id*. at 96 (internal quotations and citations omitted). An ALJ's failure to "explicitly" apply these factors is a procedural error, and such error is not harmless, unless "a searching review of the record" shows that the substance of the treating physician rule "was not traversed[.]" *Id*. (internal quotations and citations omitted).

The Second Circuit has reiterated the importance of explicitly applying the *Burgess* factors since deciding *Estrella*. In *Ferraro v. Saul*, 806 F. App'x 13 (2d Cir. 2020), the Circuit repeated that when evaluating the opinion of a treating physician, an ALJ must "explicitly consider" the *Burgess* factors. *Id*. at 14 (quoting *Estrella*, 925 F.3d at 95-96). The Court went on to explain that "merely acknowledging the existence of treatment relationships is not the same as explicitly considering 'the frequency, length, nature, and extent of the treatment.'" *Id*. at 15.

Here, a "searching review" of ALJ Cordovani's decision fails to demonstrate that he considered the *Burgess* factors when he considered Dr. Huckell's opinion.[3] *See* (Tr. 603-11). The ALJ limited his discussion of Dr. Huckell to three points in his decision. First, he noted that Dr. Huckell found that Plaintiff was a candidate for lumbar surgery. (Tr. 609). Next, he noted that Dr. Huckell re-evaluated Plaintiff for the Workers' Compensation Board and found that Plaintiff had several functional restrictions. (Tr. 610). Lastly, the ALJ gave Dr. Huckell's opinion "some weight as his opinion was specific to the limitations caused by [Plaintiff's] spinal issues and not his overall condition." *Id.* No additional mention of Dr. Huckell was made in ALJ Cordovani's decision, and contrary to Defendant's erroneous citations, ALJ Cordovani did not give Dr. Huckell's opinion "great" weight.

Throughout the entire decision, the ALJ did no more than note that Dr. Huckell examined Plaintiff on a few occasions and gave an opinion to the Workers' Compensation Board regarding functional limitations related to Plaintiff's spinal issues. However, "merely acknowledging the existence of" Dr. Huckell's relationship with Plaintiff "is not the same as explicitly considering 'the frequency, length, nature, and extent of the treatment.'" *Ferraro*, 806 F. App'x at 15.

Even the results of a "searching review" of ALJ Cordovani's decision fall short of explicitly considering the factors set forth in *Ferraro*, 806 F. App'x at 14. Especially given that Dr. Huckell is a spinal surgeon who examined Plaintiff on four separate occasions

---

[3] Throughout the Commissioner's brief, it appears that the Commissioner mistakenly cites to and relies on the findings in ALJ Wright's 2016 decision. Defendant fails to cite to ALJ Cordovani's decision, which is the decision presently at issue. Accordingly, Defendant's argument that a searching review of the ALJ's decision demonstrates that he did consider the necessary factors when evaluating Dr. Huckell's opinion is without merit.

during the closed period and found after each examination that Plaintiff had significant limitations. Moreover, this Court recently found in *Perrone v. Commissioner of Social Security,* 2020 WL 3496298, (W.D.N.Y. June 29, 2020), that such a heavy reliance on the "searching review" argument to justify an ALJ's failure to properly evaluate a treating physician's opinion borders on *post hoc* rationalization and cannot be accepted by the Court.

Plaintiff's case has already been remanded once, and given that he is seeking disability benefits for a closed period and there are no outstanding records, there is no reason to conclude that additional evidence would support the Commissioner's claim that Plaintiff is not disabled. *See Butts v. Barnhart,* 388 F.3d 377, 385-86 (2d Cir. 2004). Plaintiff's record strongly demonstrates that Plaintiff was disabled during the closed period. The Commissioner has again failed to contradict Plaintiff's evidence of disability. Accordingly, remand solely for the calculation and payment of benefits for the closed period is appropriate. *See Peach v. Berryhill,* 2018 WL 4140613, at *5 (W.D.N.Y. Aug. 30, 2018) (plaintiff's claim has "already [been] remanded by the District Court once before" and the court was accordingly "not persuaded that the Commissioner deserved a third opportunity to carry her burden.") (quoting *Torres v. Colvin,* 2017 WL 1734020, at *4 (D. Conn. May 3, 2017); *Carreau v. Halter,* 2001 WL 586705, at *8 (D.N.H. May 31, 2001) (remanding for calculation of benefits on the ground that Commissioner had had two opportunities to rebut or contradict plaintiff's evidence of disability but both times had failed to do so).[4]

---

[4] Plaintiff makes additional arguments as to why the ALJ erred. In light of the Court's decision, it will not address those additional arguments.

## **CONCLUSION**

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is granted, defendant's motion for judgment on the pleadings (Dkt. No. 12) is denied, and the case is remanded solely for the calculation and payment of benefits.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:      April 19, 2021
        Buffalo, New York

                                  MICHAEL J. ROEMER
                                  United States Magistrate Judge